677 N.W.2d 836 (2004)
Dale L. DUVERNEY, Mary J. Duverney, Linda Marie Smith, Cammie Pennington, Charlotte F. Avery, Lyle Richard Ellis, Dorothy E. Owen, Dale E. Neff, Toni Owen Anderson, Elmer M. Shepard, Craig Robin Crandell, Karen Sue Smith, Elizabeth Jean Seaton, Sharon Barnett, Jay P. Barnett, Cletis J. Bishop, Walter H. Brusch, Jr., Gene Raymond Hoy, Jody Manuel Shepard, Sarah Y. Watson, Edwin A. Brown, Jill Ann Laney, Glenn McDaniel, Roger Allan Ott II, Etta Nash, Harold Sprowl and Cora Gordan, individual Michigan taxpayers and property owners subject to the jurisdiction of Big Creek-Mentor Utility Authority, and Township of Mentor, Michigan, and Township of Big Creek, Michigan, Plaintiffs-Appellants,
v.
BIG CREEK-MENTOR UTILITY AUTHORITY, a Michigan Municipal Corporation, and Township of Mentor, Michigan, and Township of Big Creek, Michigan, Jointly and Severally, Defendants-Appellees.
Docket No. 123163, COA No. 243866.
Supreme Court of Michigan.
April 15, 2004.
On order of the Court, oral argument on the application for leave to appeal the January *837 10, 2003 order of the Court of Appeals having been heard, the application is again considered, and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the January 10, 2003 Court of Appeals order and we REMAND this case to the Court of Appeals for further proceedings. Plaintiffs shall have 28 days from the date of this order in which to amend their complaint so as to more specifically allege a violation of Const. 1963, art. 9, § 31.
We do not retain jurisdiction.
CORRIGAN, C.J., concurs and states as follows:
I concur with this Court's decision to vacate and remand this case. Nonetheless, I believe that any effort to amend plaintiffs' complaint to allege a violation of the Headlee Amendment, Const. 1963, art. 9, §§ 25-34, will prove futile.
The defendant municipality constructed a sewer system and required that plaintiffs connect to it. Plaintiffs sued, alleging that the connection charges amounted to a tax that was not put to a public vote and thus violated the Headlee Amendment. To survive a motion for summary disposition, a plaintiff who alleges a Headlee Amendment violation must plead sufficient facts to support a conclusion that the disputed fee meets every prong of the test announced in Bolt v. City of Lansing, 459 Mich. 152, 587 N.W.2d 264 (1998): (1) the charge is for a revenue-raising purpose; (2) the charge bears no reasonable relationship to the benefit conferred; and, (3) the charge is involuntary. Because the plaintiffs' initial complaint did not attempt to satisfy Bolt's first two criteria, the Court of Appeals dismissed the complaint, after reviewing defendant's answer.
Plaintiffs' attempt to amend the complaint will prove futile under American Axle & Mfg., Inc. v. Hamtramck, 461 Mich. 352, 604 N.W.2d 330 (2000). In American Axle, this Court held that if a municipality's authority to authorize a tax existed before the effective date of the Headlee Amendment, no Headlee violation can arise. Id. at 357-358, 604 N.W.2d 330.
MCL 333.12752 declares that public sewer systems are in the public interest. It provides further:
The connection to available public sanitary sewer systems at the earliest, reasonable date is a matter for the protection of the public health, safety, and welfare and necessary in the public interest which is declared as a matter of legislative determination.
MCL 333.12754 authorizes a governmental unit to require that any structure in which sewage originates within the unit's borders be connected to a sewer system if one is available.
The Headlee Amendment was adopted by referendum and effective on December 23, 1978. MCL 333.12754 took effect on September 20, 1978. Thus, defendant's authority to compel plaintiffs' conversion to a sewer system from their existing septic systems already existed when the Headlee Amendment became effective.
MCL 333.12753 and 333.12754 lay out the procedures that local governments must follow in requiring mandatory sanitary sewer hookups. The record before us reflects that these procedures were followed. While I believe that further litigation of this case is a waste of time and money, I join the Court's order only because our liberal pleading rules seem to allow plaintiffs one more opportunity to try to satisfy the Bolt test.